■ In the Matter of PETER J. TUSA, Appellant, v. HAROLD W. FOLLETTE, as Warden of Greenhaven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated March 4, 1969, affirmed, without costs. The same issue has been ruled upon by the Appellate Division, Fourth Judicial Department. We therefore affirm. (See *Matter of Tusa* v. *New York State Dept. of Correction*, 25 A D 2d 499, and the record on appeal therein.) Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ SAMUEL MASS, Appellant, v. GREAT AMERICAN INSURANCE COMPANY et al., Respondents.— In an action to recover upon certain fire insurance policies, plaintiff appeals from an order of the Supreme Court, Queens County, entered August 14, 1968, which (1) granted defendants' motion to confirm the report of a Special Referee and (2) accordingly granted defendants' prior motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 5). Order affirmed, with $10 costs and disbursements. Defendants insurers alleged, in support of their prior motion to dismiss the complaint (CPLR 3211, subd. [a], par. 5) that plaintiff had not commenced this action within the one-year statutory period provided for the standard policies in issue (Insurance Law, § 168). On appeal from the order denying that motion we ordered an immediate trial of the factual issues concerning waiver and estoppel raised by plaintiff in opposition to that motion (*Mass* v. *Great Amer. Ins. Co.*, 28 A D 2d 897). The present appeal is from an order of the Special Term which adopted the findings of a Special Referee and dismissed the complaint. On this appeal plaintiff, accepting the Special Referee's findings, abandons his claim of waiver and estoppel. Instead, plaintiff raises the issue whether an insurer, by making an unaccepted offer of payment under the policy, breaches that contract by failing to pay the insured the sum of that unaccepted offer and hence is precluded from raising against the insured the latter's breach of the policy's provision requiring commencement of an action within one year after the loss suffered (*Warren* v. *Employers' Fire Ins. Co.*, 53 N. J. 308). We affirm the order on a ground which does not require review of the *Warren* holding. Assuming that an insurer's unaccepted offer of payment under a policy requires the insurer to pay the insured that sum (*Warren, supra*), the duty to do so does not arise if the insured has failed to perform an act constituting a condition precedent to that duty. In the case at bar the insured never filed the proofs of loss required by his policies (Insurance Law, § 168). Absent that filing the insurer's duty to pay the proffered sum could not be breached because that duty, by the very terms of the standard policy, arises 60 days after the proofs have been received by the insurer. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.